UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GAI LE AND LAP NEWMAN<br><br>    Plaintiff<br><br>vs.<br><br>J&M WOLVERINE TRANSPORT, CORP., ELMER D. SIGUENZA and FRANCISCO NUNEZ-MARCIA<br><br>    Defendants. | §§§§§§§§§§§§§<br><br>CIVIL ACTION NO. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Gai Le and Lap Newman, Plaintiffs herein, and make and file this Plaintiffs' Original Complaint complaining of Defendants, J&M Wolverine Transport, Corp., Elmer D. Siguenza ("Defendants J&M Wolverine Transport and Elmer D. Siguenza") and Francisco Nunez-Marcia ("Defendant Nunez-Marcia"), and for such consideration will show unto the Court the following, to wit:

### I. JURISDICTION AND VENUE

1.1    The court has jurisdiction over the lawsuit under 28 U.S.C. §1332 (a)(1) and (2) because the Plaintiffs and the Defendants are citizens of different states/foreign state and the amount in controversy exceeds $75,000, excluding interest and costs. Plaintiffs herein are citizens of the State of Texas. Defendants J&M Wolverine Transport and Elmer D. Siguenza herein are citizens of New Jersey.  Defendant Nunez-Marcia is

a resident of Mexico. The Defendants herein do not have its principal place of business in Texas nor are Texas citizens.

1.2	Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §1391 (b)(2).

1.3	Defendants' contacts with the State of Texas, and in Montgomery County, Texas and the Southern District are continuous and systematic, such that the court has general personal jurisdiction over Defendant.

1.4	Accordingly, Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas.

1.5	Defendant's alleged liability in this case arises from or is related to the accident the occurred in Montgomery County, Texas.

1.6	The Court's exercise of personal jurisdiction over Defendants comport with due process.

1.7	Defendants are deemed to reside in the Southern District of Texas pursuant to 28 U.S.C. §1391(c) in that it regularly conducts business in Montgomery County, Texas and is subject to personal jurisdiction in the Southern District of Texas.

## II. Parties

### A.	Plaintiffs

2.1	Plaintiff Gai Le is a citizen of the State of Texas and is a resident of Houston, Harris County, Texas. Plaintiff brings suit individually for her injuries and damages sustained as a result of this accident.

2.2     Plaintiff Lap Newman is a citizen of the State of Texas and is a resident of Houston, Harris County, Texas. Plaintiff brings suit individually for his injuries and damages sustained as a result of this accident.

2.3     At all times relevant to this lawsuit Gai Le and Lap Newman were residents of Harris County, Texas.

**B.     Defendants**

2.4     Defendants J&M Wolverine Transport is a New Jersey corporation authorized to do business in Texas and headquartered in Jersey City, New Jersey. Defendant J&M Wolverine Transport may be served with process through its registered agent for service, Dularie S. Neil, 196 Linden Ave., Jersey City, New Jersey.

2.5     Defendant Elmer D. Siguenza is an individual residing in Jersey City, New Jersey and may be served with process at 3198 Kennedy Blvd., Jersey, New Jersey 07306-3425.

2.6     Defendant Francisco Nunez-Marcia is an individual residing in Mexico and may be served with process at 9th Ave. 1st St., Honduras, Mexico.

### III. FACTS

3.1     Plaintiffs will show that on or about February 13, 2016, Lap Newman was the driver of a 2013 Infiniti and Gai Le was a passenger traveling south on US 59 Frontage Road in Montgomery County, Texas. The tractor-trailer owned by J&M Wolverine Transport and Elmer D. Siguenza and driven by Defendant Nunez-Marcia failed to control its speed and struck a vehicle which, contemporaneously struck the rear of Plaintiffs' vehicle. Plaintiffs sustained severe injuries and property damage because of the impact from the J&M Wolverine Transport and Elmer D. Siguenza tractor-trailer

into the other vehicle. Defendant Nunez-Marcia negligently failed to maintain his speed and keep a proper lookout for other vehicles as a person of ordinary care would have kept. The collision was the result of the negligence of Defendant J&M Wolverine Transport and Elmer D. Siguenza and its respective employee/driver, Francisco Nunez-Marcia. At the time of the accident, Defendant Nunez-Garcia, the driver/employee of Defendants J&M Wolverine Transport and Elmer D. Siguenza was within the course and scope of his employment with his respective employer. Plaintiffs' injuries and damages were the direct, producing, and proximate result of the negligence of Defendant J&M Wolverine Transport and Elmer D. Siguenza and its respective employee/driver, Defendant Nunez-Garcia.

## IV. CAUSES OF ACTION

### A.   RESPONDEAT SUPERIOR LIABILITY

4.1   At the time of the incident in question, Defendant Nunez-Marcia, the employee/driver of Defendant J&M Wolverine Transport and Elmer D. Siguenza, was acting within the course and scope of his employment in the furtherance of his respective employer's business. Therefore, pursuant to the doctrine of respondeat superior, Defendant J&M Wolverine Transport and Elmer D. Siguenza is responsible for its respective employee's/driver's negligence.

### B.   NEGLIGENCE

4.2   Defendant Nunez-Marcia committed acts of omission and commission, which constituted negligence and negligence per se. Such negligence and negligence per se was a proximate cause of the occurrence in question, the severe injuries and the

resulting damages of Plaintiffs for which the Defendant Nunez-Marcia is legally responsible.

4.3     Defendant J&M Wolverine Transport and Elmer D. Siguenza committed acts of omission and commission, which constituted negligence and negligence per se. Such negligence and negligence per se was a proximate cause of the occurrence in question, the severe injuries the Plaintiffs sustained and the resulting damages for which the Defendant J&M Wolverine Transport and Elmer D. Siguenza is legally responsible.

4.4     Plaintiffs allege Defendant Nunez-Marcia, the driver of Defendant J&M Wolverine Transport and Elmer D. Siguenza, was negligent in one or more of the following manners:

   a. Failing to keep a proper lookout for warnings, other vehicles or obstruction as a person of ordinary care would have kept;
   b. Failing to maintain a proper speed;
   c. Failing to drive in a single lane;
   d. Driving at a greater rate of speed than a person using ordinary care would have driven under the circumstances;
   e. Failing to make an application of his brakes;
   f. Failing to turn to the right or the left to avoid causing the subject collision; and,
   g. Failing to follow the traffic laws of the State of Texas.

4.5     Plaintiffs further allege that Defendant J&M Wolverine Transport and Elmer D. Siguenza were each negligent in one or more of the following manners:

   a. Failure to properly train its drivers;
   b. Failure to establish an adequate safety program;
   c. Failing to adequately supervise its drivers;
   d. Failure to properly qualify its drivers;
   e. Failure to establish adequate policies and/or adequately enforce policies for its drivers, including a policy for traveling at a safe speed, in a safe manner, and with vigilance;
   f. Negligently entrusting the vehicle to its employee/driver; and

  g. Negligently hiring, supervising and retaining its employee/driver who was an unqualified, an incompetent, and a careless driver.

4.6 Defendant J&M Wolverine Transport and Elmer D. Siguenza its agents, successors and assigns, were negligent and/or grossly negligent in hiring, training, supervision, retaining, and allowing its employee/driver to operate a company vehicle at the time of the collision made basis of this suit. Such negligence includes, but is not limited to, failing to properly train its employee/driver with regard to driving a semi-truck, providing inadequate instructions to its employee/driver on the unique operating characteristics of tractor trailers, failing to teach its employee/driver on defensive driving techniques, failing to prohibit unnecessary cell phone use, failing to monitor and limit the number of hours its employee/driver worked and/or drove, and permitting its employee/driver to operate vehicles while distracted and/or fatigued.

4.7 Plaintiffs show that the conduct referenced on the part of the Defendants, their agents, successors and assigns, acting individually and jointly, that their actions and omissions to act constitute negligence and/or gross negligence as that term is defined in law and that, as a result, Plaintiffs are entitled to an award of actual damages against the Defendants, jointly and severally, and an award of exemplary damages against Defendants. These acts and omissions were a proximate cause of the collision, injuries, and damages as set forth in this petition.

  **C. NEGLIGENT ENTRUSTMENT**

4.8 Defendant J&M Wolverine Transport and Elmer D. Siguenza, its agents, successors and assigns, were guilty of negligent and/or gross negligent entrustment, in that it knew or should have known that its employee/driver was a reckless driver given his driving history and other factors. This negligent entrustment was a proximate cause

of the collision in question and the personal injuries and other damages sustained by the Plaintiffs. To the extent Defendant J&M Wolverine Transport and Elmer D. Siguenza failed to ask, investigate and/or apprise itself of its employee's/driver's driving history, such acts and/or omissions constitute negligence that were a proximate cause of the collision, injuries, and damages as set forth in this petition.

### D. GROSS NEGLIGENCE OF DEFENDANTS

4.9 Plaintiffs show that the conduct, acts and omissions of the Defendant J&M Wolverine Transport and Elmer D. Siguenza, and their agents, successors and assigns, acting individually and jointly, constitute gross negligence as that term is defined in law. As a result, Plaintiffs are entitled to an award of exemplary damages against Defendant Nunez-Marcia and Defendant J&M Wolverine Transport and Elmer D. Siguenza. The conduct of Defendants and their agents, employees, successors and assigns (when viewed objectively from each Defendants' standpoint at the time of the conduct) involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants and their agents, employees, successors and assigns were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiffs therefore, seek exemplary damages against Defendants J&M Wolverine Transport and Elmer D. Siguenza and Nunez-Marcia.

### V. DAMAGES

5.1 As a producing, direct and proximate result of the incident, injuries, and damages for which Defendants are liable, Plaintiffs seek and are entitled to general, special, economic and noneconomic damages, as applicable to Plaintiffs, in an amount

in excess of the court's minimum jurisdictional limits, as the jury determines to be just and fair. Such damages include, but are not necessarily limited to:

    a. *Personal Injury Damages*

        1) Physical pain and mental anguish in the past and future;

        2) Loss of earning capacity in the past and the future;

        3) Loss of wages and earnings in the past and the future;

        4) Disfigurement in the past and the future;

        5) Physical impairment in the past and the future;

        6) Medical care in the past and the future; and

        7) All other damages allowed by law and equity.

    b. *Property Damage* (Lap Newman)

The damages sought are greatly in excess of the minimum jurisdictional limits of the court.

## VI.  JURY DEMAND

6.1    Plaintiffs timely request a trial by jury and have tendered the appropriate fee.

## PRAYER

WHEREFORE, Plaintiffs pray that Defendants are cited to appear and answer herein, as the law directs, and that upon final hearing thereof, Plaintiffs have and recover judgment from Defendants for damages and exemplary damages in such amounts as the evidence may show proper at the time of the trial, together with pre-judgment and post-judgment interest thereon at the maximum legal rate allowed by law, costs of court, attorneys fees, and for such other and further relief both general and

special, at law or in equity, to which Plaintiffs are justly entitled.

                                                    Respectfully submitted,

By:       /S/ Jason P. Hoelscher
      Jason P. Hoelscher
      Federal Bar No. 38772
      jhoelscher@shhblaw.com
      Bianca Calderón de Lachica
      Federal Bar No. 2338505
      bcalderondelachica@shhblaw.com
      **Sico Hoelscher Harris & Braugh LLP**
      900 Frost Bank Plaza
      802 N. Carancahua
      Corpus Christi, Texas 78401
      Telephone: (361) 653-3300
      Facsimile: (361) 653-3333

      Ynhi Thi 'Sarah' Huynh
      Federal Bar No. 2851192
      Shuynh@thehuynhlawfirm.com
      Psavinov@thehuynhlawfirm.com
      **THE HUYNH LAW FIRM, PLLC**
      10333 Harwin Dr., Suite 600
      Houston, Texas 77036
      Telephone: (281) 702-8128
      Facsimile: (832) 365-6087

      **ATTORNEYS FOR PLAINTIFFS**